UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES of AMERICA,

    Plaintiff,

v.

DERRIN ABBOTT,

    Defendant.
                                              /

Case No. 2:16-cr-20290

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING DEFENDANT'S
MOTION TO DISMISS** (document no. 23)

Defendant Derrin Abbott filed a motion to dismiss, alleging a violation of the Speedy Trial Act. Mot., ECF No. 23. In a hearing on the matter, the Court denied the motion. *See* Minute Entry, October 26, 2016, No ECF number available.

The Sixth Amendment to the U.S. Constitution guarantees that an accused "shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The Speedy Trial Act, 18 U.S.C. §§ 3161-3174, states in relevant part that:

> In any case in which a plea of not guilty is entered, the trial . . . shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

§ 3161(c)(1). The seventy day timeline is not absolute; it is permissible for "periods of delay [to be] excluded . . . in computing the time within which the trial . . . must commence." 18 U.S.C. § 3161(h); *e.g. United States v. Moran*, 998 F.2d 1368, 1370 (6th Cir. 1993). "The defendant bears the burden of proof to show a violation" of the Act. *United States v. Censke*, 449 F. App'x 456, 462 (6th Cir. 2011). "Delays due to continuances granted by the court are excluded from the time within which a trial must start under the Speedy Trial Act

if 'the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Stewart*, 628 F.3d 246, 253 (6th Cir. 2010) (quoting 18 U.S.C. § 3161(h)(7)(A)).

As the Court noted during the motion hearing, seventy days have not yet elapsed in Abbott's case. He was indicted on April 21, 2016, *see* Indict., ECF No. 13, and — as stipulated by Abbott's counsel — the Court held that the time period of June 21, 2016 until November 29, 2016 was excludable time under the Act. *See* Order, ECF No. 19. Although Abbott argues that he did not consent to this delay, "the Speedy Trial Act does not require a defendant's consent to the continuance in order for a judge to be able to grant a motion in furtherance of the ends of justice." *Stewart*, 628 F.3d at 254 (quotations omitted). Accordingly, the Court will deny the motion.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant Abbott's motion to dismiss (document no. 23) is **DENIED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 31, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 31, 2016, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager

2