UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES of AMERICA,

    Plaintiff,                          Case No. 2:16-cr-20290

v.                                       HONORABLE STEPHEN J. MURPHY, III

D-1, DERRIN TOREY ABBOTT,

    Defendant.
                                        /

## OPINION AND ORDER DENYING
## DEFENDANT'S SECOND MOTION TO DISMISS [29]

On September 26, 2016, Defendant Derrin Abbott filed a pro se motion to dismiss, alleging a violation of the Speedy Trial Act. ECF 23. On October 31, 2016, the Court denied the motion:

> As the Court noted during the motion hearing, seventy days have not yet elapsed in Abbott's case. He was indicted on April 21, 2016, *see* Indict., ECF No. 13, and — as stipulated by Abbott's counsel — the Court held that the time period of June 21, 2016 until November 29, 2016 was excludable time under the Act. *See* Order, ECF No. 19. Although Abbott argues that he did not consent to this delay, "the Speedy Trial Act does not require a defendant's consent to the continuance in order for a judge to be able to grant a motion in furtherance of the ends of justice." *Stewart*, 628 F.3d at 254 (quotations omitted).

ECF 27. Twenty-eight days later, Defendant filed another pro se motion to dismiss, alleging a violation of the Speedy Trial Act. ECF 29. Defense counsel subsequently filed an appearance and then filed a brief to supplement Defendant's pro se motion. ECF 35. At a Feb. 28, 2017 oral argument, both Defendant and the Government agreed that the motion to dismiss should be construed as a motion for reconsideration.

"It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). In a motion for

reconsideration, the movant must show (1) a "palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled"; and (2) that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). A "palpable defect" is one that is "obvious, clear, unmistakable, manifest or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001). "The Court will not grant a motion for reconsideration "that merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." LR 7.1(h)(3).

As an initial matter, the Court will review the merits of Defendant's pro se motion, despite its untimeliness. *See* LR 7.1(h)(1) ("A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order."). But as for the substance of the motion, Defendant has not shown a palpable defect in the Court's previous order denying the first motion to dismiss.

The Defendant asserts that the Court denied Abbott's earlier motion to dismiss "based upon the assumption that plea negotiations were being conducted with the knowledge and consent of Mr. Abbott. This was not the case. Defense counsel cannot unilaterally engage in discussions to have defendant plead guilty without their client's giving some indication of their willingness to do so." ECF 35, PgID 129–30.

In support, Defendant relies on *United States v. Montgomery*, 395 F. App'x 177, 182 (6th Cir. 2010). In *Montgomery*, the Sixth Circuit upheld the district court's denial of a motion to dismiss under the Speedy Trial Act because "plea negotiations were ongoing during the 85 day period in question[.]" *Id.* Defendant argues that, unlike the defendant in *Montgomery*, he did not give his attorney permission to conduct plea negotiations. But regardless of whether defense counsel obtained Defendant's express permission to engage

in plea negotiations, defense counsel did not need Defendant's permission to enter a stipulated continuance finding excludable delay under the Speedy Trial Act. *United States v. Stewart*, 628 F.3d 246, 254 (6th Cir. 2010). And the parties provided several additional reasons beyond the conduct of plea negotiations for the delay. ECF 19, PgID 56 ("This extension of time is necessary to allow the parties to investigate the facts of this case further, complete the discovery process, engage in plea negations, and file any necessary motions."). As a result, the Court will deny the motion to dismiss.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion to Dismiss [29] is **DENIED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  March 9, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 9, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager