UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                     Case No. 2:16-cr-20290

v.                               HONORABLE STEPHEN J. MURPHY, III

D-1, DERRIN ABBOTT,

        Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION TO DISMISS FOR LACK OF JURISDICTION [47]

The Government charged Defendant Derrin Abbott with being a felon in possession of a firearm and ammunition, possession of stolen firearms, and possession with intent to distribute marijuana. Abbott has moved to dismiss the indictment pursuant to 40 U.S.C. § 3112(b) – (c) and Article 1, Section 8, Clause 17 of the United States Constitution for lack of subject matter jurisdiction. For the reasons stated below, the Court will deny the motion.

## BACKGROUND

Police officers executed state search warrants at Abbott's XXX39 and XXX45 Arlington Street residences in Detroit, Michigan and recovered evidence that included marijuana, firearms, and ammunition. The Government charged Abbott with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g), Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g), Possession of a Stolen Firearm, in violation of 18 U.S.C. § 922(j), and Possession with Intent to Distribute Controlled Substance (marijuana) in violation of 21 U.S.C. § 841(a). ECF 13. The Court granted Abbott's ex parte application for a Rule 17 subpoena. ECF 46. His motion to dismiss followed.

**LEGAL STANDARD**

The United States Constitution created a federal system of government in which both the national government and state governments maintain sovereignty over the same territory. *See, e.g.*, *Printz v. United States*, 521 U.S. 898, 918 (1997). States have general authority to create laws to punish criminal offenses in their territory as part of the "police power." *United States v. Morrison*, 529 U.S. 598, 618 (2000). And the federal government has authority to the create and punish criminal offenses as "necessary and proper" to the execution of their enumerated powers. *See United States v. Comstock*, 560 U.S. 126, 135–36 (2010) ("[T]he Constitution, which nowhere speaks explicitly about the creation of federal crimes . . . nonetheless grants Congress broad authority to create such crimes."); *United States v. Worrall*, 2 U.S. 384, 394 (1798) (Acknowledging the "power granted to Congress to create, define, and punish, crimes and offences, whenever they shall deem it necessary and proper by law to do so, for effectuating the objects of the government.").

A person in the United States is therefore subject to the jurisdiction of two sovereigns—the government of the United States and the government of the state in which he or she is located—and may be liable under the criminal laws of both. As the exclusive forum for federal crimes, Congress has vested the federal district courts with "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231.

**DISCUSSION**

Abbott argues that the federal government lacks jurisdiction to prosecute him because it failed to obtain permission from the State of Michigan. In support of his motion, Abbott points to Article 1, Section 8, Clause 17 of the Constitution, the Exclusive Legislation

Clause, in conjunction with 40 U.S.C. § 3112 (b) and (c). The former gives Congress the authority to exercise exclusive legislation and authority over land purchased for specific purposes, and the latter requires the federal government to file a notice of acceptance of jurisdiction over newly acquired land with the governor of the state from which the land was acquired. Based on the combination of these two provisions, Abbott concludes that "the United States' government is without jurisdiction to investigate, prosecute or punish him for offenses committed in the state of Michigan . . . unless they have obtained express consent of the governor of the state of Michigan[.]" ECF 47, PgID 306.

His argument lacks merit because "the permission of the states is not a prerequisite to exercise [federal] jurisdiction." *United States v. Hamilton*, 263 F.3d 645, 655 (6th Cir. 2001). Abbott "allegedly violated the laws of two sovereigns, [Michigan] and the United States. Either or both could have prosecuted him." *United States v. Sitton*, 968 F.2d 947, 953 (9th Cir.1992). Abbott's arguments to the contrary "ignor[e] the basic principles of federalism." *Hamilton*, 263 F.3d at 655.

Contrary to Abbott's argument, neither the Exclusive Legislation Clause nor § 3112 applies because "the United States has not claimed it has the *exclusive* right to promulgate laws over the lands where the crimes were committed[.]" *United States v. Gerhard*, 615 F.3d 7, 26 (1st Cir. 2010). "The fact that [Michigan] has sovereignty within its boundaries does not bar the United States from having concurrent jurisdiction to indict and prosecute [Abbott] for federal crimes occurring within those same boundaries." *Hamilton*, 263 F.3d at 655. Thus, the federal government does not need to obtain the consent of the governor of Michigan to prosecute Abbott.

Abbott also argues that federal prosecutions can only occur for crimes committed on

federal land. In support, Abbott points to *United States v. King.* 781 F. Supp. 315 (D.N.J. 1991) and *United States v. Gabrion*, 517 F.3d 839 (6th Cir. 2008). In *King* the defendant was charged under the Assimilative Crimes Act, 18 U.S.C. § 7, 13(a), which allows the federal government to adopt state criminal law and to prosecute individuals for crimes committed within the special maritime and territorial jurisdiction of the United States. Similarly in *Gabrion*, the federal law at question related to crimes that occur within special maritime and territorial jurisdiction of the United States. 18 U.S.C. § 1111(b). But the statutes at issue here—18 U.S.C.§ 922 and 21 U.S.C. § 841—impose criminal liability regardless of whether the offense occurred on federal land. *See, e.g.*, *United States v. Yannott*, 42 F.3d 999, 1004 (6th Cir. 1999).

Finally, Abbott makes the sweeping argument, relying on the Tenth Amendment and *United States v. E.C. Knight Co.*, 156 U.S. 1 (1895), that "'police powers' were delegated to the state governments to be exercised exclusively within their boundaries, to the exclusion of any federal police powers." ECF 47, PgID 309. Abbott is incorrect. The federal government shares concurrent jurisdiction with the states. *United States v. Hamilton*, 263 F.3d 645, 655 (6th Cir. 2001). The Court finds no basis in law to support Abbott's Tenth-Amendment argument.

## CONCLUSION

For the reasons stated above, the Court will deny Abbott's Motion to Dismiss for Lack of Jurisdiction. Abbott has now filed three meritless motions to dismiss in total; no further pretrial motions will be permitted.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant Abbott's Motion to Dismiss

for Lack of Jurisdiction [47] is **DENIED** with prejudice.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  June 15, 2017

I hereby certify that a copy of the foregoing document was served upon the parties
and/or counsel of record on June 15, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager